### SECURITY–FIRST NAT. BANK OF LOS ANGELES v. UNITED STATES et al.

### In re F. P. NEWPORT CORPORATION, LIMITED.[1]

### No. 11051.

Circuit Court of Appeals, Ninth Circuit.

Feb. 13, 1946.

W. C. Shelton and George W. Burch, Jr., both of Los Angeles, Cal., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, Louise Foster, and Harold C. Wilkenfeld, Sp. Assts. to Atty. Gen., and Charles H. Carr, U. S.

[1] See In re F. P. Newport Corp., 9 Cir., 93 F.2d 630; Id., 9 Cir., 97 F.2d 504; Id., 9 Cir., 98 F.2d 453; City of Long Beach v. Metcalf, 9 Cir., 103 F.2d 483; Security-First National Bank v. Bank of America National Trust & Savings Ass'n, 9 Cir., 111 F.2d 50; United States v. Metcalf, 9 Cir., 131 F.2d 677.

Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty. B. I. R., all of Los Angeles, Cal., for appellee United States.

Bailie, Turner & Lake, of Los Angeles, Cal., for appellee Metcalf.

Before GARRECHT, MATHEWS and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order affirming an order of a referee in bankruptcy directing a trustee in bankruptcy to pay a claim of the United States for income taxes assessed against the trustee for the calendar years 1938 and 1939. The facts are as follows:

Under date of March 1, 1930, F. P. Newport Corporation, Limited, executed and delivered to appellant, Security-First National Bank of Los Angeles, its promissory note for $760,000, payable on March 1, 1932, with 7% interest, and, as security therefor, executed and delivered to appellant conveyances of real property, hereafter called the trust property, in Los Angeles County, California. Concurrently therewith and as part of the same transaction, appellant and the corporation executed a declaration of trust (No. SS-70401, subsequently designated No. D7224) which declared that the conveyances, though in terms absolute, were intended to be, and were, made to and received by appellant in trust, with power of sale, as security for the payment of the note and for the payment of any additional sums which might thereafter be borrowed from appellant by the corporation. The corporation did, in 1932, 1933 and 1934, borrow additional sums from appellant. The total amount of its debt to appellant exceeded $1,250,000.

On March 19, 1935, an involuntary petition in bankruptcy was filed against the corporation. On March 25, 1935, H. F. Metcalf was appointed receiver and, as such, took charge of the corporation's property, including the trust property. On January 12, 1937, the receiver, appellant and the corporation made an agreement whereby appellant consented to a reduction in amount and to an extension of time for payment of the corporation's debt to appellant. Thereafter, on January 12, 1937, the corporation was adjudged a bankrupt. On March 18, 1937, Metcalf was appointed trustee [2] and, as such, took possession of the bankrupt's property, including the trust property.

On March 19, 1937, the trustee petitioned for an order approving the agreement of January 12, 1937, and authorizing and directing him to be bound thereby. The referee, by an order entered on August 13, 1937, required the agreement of January 12, 1937, to be modified by the execution of a supplemental agreement. On August 31, 1937, the trustee, appellant and the bankrupt executed a supplemental agreement modifying the agreement of January 12, 1937, as required by the order of August 13, 1937. The agreement of January 12, 1937, was further modified by stipulations executed by the trustee, appellant and the bankrupt on October 14, 1937, and October 29, 1937. The court, by orders entered on October 29, 1937, and November 5, 1937,[3] modified the order of August 13, 1937, and affirmed it as modified. Thereby the court approved the agreement of January 12, 1937, as modified by the supplemental agreement of August 31, 1937, and the stipulations of October 14, 1937, and October 29, 1937, and directed the trustee to be bound thereby.

The agreement of January 12, 1937, as modified by the supplemental agreement of August 31, 1937, and the stipulations of October 14, 1937, and October 29, 1937, provided that, with specified exceptions, the trust property should be leased or sold on terms and conditions approved by the court, and that all "moneys" from such leases and sales should be paid to the trustee and by him paid over to appellant.[4] Pursuant thereto, part of the trust property was leased on terms and conditions approved by the court. From such leased property the trustee received, in 1938 and 1939, rents and royalties aggregating more than $451,000. The rents and royalties so received constituted income taxable to the trustee.[5] On that income the Commis-

---

[2] The order appointing Metcalf trustee was affirmed by us on December 22, 1937. In re F. P. Newport Corp., 9 Cir., 93 F. 2d 630.

[3] The orders of October 29, 1937, and November 5, 1937, were affirmed by us on July 27, 1938. In re F. P. Newport Corp., 9 Cir., 98 F.2d 453.

[4] Prior to its modification, the agreement of January 12, 1937, provided that such "moneys" should be paid directly to appellant.

[5] United States v. Metcalf, supra.

sioner of Internal Revenue assessed the taxes here involved.

For these taxes—aggregating $19,363.65, plus interest—the United States filed a claim against the trustee on July 22, 1940. The trustee filed objections to the claim. The referee sustained the objections and disallowed the claim by an order entered on November 12, 1941. The court affirmed the order of November 12, 1941, by an order entered on December 17, 1941. We reversed the order of December 17, 1941, on November 23, 1942.[6] Certiorari to review our decision was denied on March 1, 1943.[7] Our mandate was issued on March 8, 1943. Pursuant thereto, the court below, on April 8, 1943, entered an order reversing the order of November 12, 1941, and allowing the claim.

On September 24, 1943, the United States filed a petition for an order requiring the trustee and appellant to show cause why the claim should not be paid. The trustee and appellant answered the petition, a hearing was had, and the referee, on June 6, 1944, entered an order directing the trustee to pay the claim out of rents and royalties received or to be received by him from the trust property. The court affirmed the order of June 6, 1944, by an order entered on February 6, 1945. From the order of February 6, 1945, appellant has appealed.

Appellant contends that, by the agreement of January 12, 1937, as modified by the supplemental agreement of August 31, 1937, and the stipulations of October 14, 1937, and October 29, 1937, the trustee was precluded from paying, out of income (rents and royalties) received by him from the trust property, the taxes on such income. In support of its contention, appellant quotes from the supplemental agreement of August 31, 1937, as modified by the stipulation of October 29, 1937:

"While the said declaration of trust No. D-7224 and the contract of January 12, 1937, provide expressly that all moneys from sales and leases of property in said trust shall be paid to and.be received by the bank [appellant],[8] it is, nevertheless, agreed, in order to comply with the bankruptcy law requiring that all bankruptcy funds be accounted for by the trustee and be disbursed by him only upon checks or warrants countersigned by the referee, that all such moneys shall be paid to said trustee in bankruptcy, and, until the indebtedness due the bank has been paid, shall be by him forthwith paid over in full to the bank * * *

"Recognizing that the bank has a prior right to the moneys in the preceding paragraph mentioned until the indebtedness due it has been paid, it is therefore expressly understood and agreed that such funds or money so paid to and received by the said trustee in bankruptcy from sales or leases or other disposition of property under said trust shall * * * be, while in his possession, impressed with the lien of the declaration of trust securing the indebtedness owing to the bank, and such funds or moneys shall be deposited by the trustee in bankruptcy in a separate bank account and not commingled with any other funds of the bankrupt estate, and shall be deemed earmarked for application on the bank's indebtedness as provided in said agreement of January 12, 1937, and this supplement thereto, and * * * shall not, until the indebtedness due the bank has been paid, become any part of the general assets of the bankrupt estate."

There is no merit in appellant's contention. The trustee's obligation to pay taxes on income received by him from the trust property was imposed by law. The agreement of January 12, 1937, did not, nor did any modification thereof, relieve the trustee of that obligation. Taxes on income received by the trustee from the trust property were "expenses of administration," within the meaning of section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, and hence were deductible in determining what "moneys" were payable to appellant by the trustee.[9] The trustee was properly ordered to pay the taxes here involved out of income received or to be received from the trust property. The right of the United States to such payment is superior to any right of appellant in or to such income.[10]

Order affirmed.

---

[6] United States v. Metcalf, supra.

[7] Metcalf v. United States, 318 U.S. 769, 63 S.Ct. 761, 87 L.Ed. 1140.

[8] See footnote 4.

[9] Florida National Bank v. United States, 5 Cir., 87 F.2d 896; Central Hanover Bank & Trust Co. v. Philadelphia & Reading Coal & Iron Co., 3 Cir., 99 F.2d 642; In re Lambertville Rubber Co., 3 Cir., 111 F.2d 45; United States v. Killoren, 8 Cir., 119 F.2d 364.

[10] See cases cited in footnote 9.