**UNITED STATES v. METCALF et al.**

**In re F. P. NEWPORT CORPORATION, LIMITED.[1]**

No. 11059.

Circuit Court of Appeals, Ninth Circuit.

Feb. 18, 1946.

Rehearing Denied March 21, 1946.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, Louise Foster, and Harold C. Wilkenfeld, Sp. Assts. to Atty. Gen., and Charles H. Carr, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., BIR., all of Los Angeles, Cal., for appellant.

Bailie, Turner & Lake, of Los Angeles, Cal., for appellee H. F. Metcalf.

Before GARRECHT, MATHEWS and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In Security-First National Bank v. United States, 9 Cir., 153 F.2d 563, we affirmed an order which, on February 6, 1945, affirmed an order of a referee in bankruptcy which, on June 6, 1944, directed H. F. Metcalf, trustee in bankruptcy of the estate of F. P. Newport Corporation, Limited, bankrupt, to pay a claim of the United States, appellant here, for income taxes ($19,-363.65, plus interest) assessed against the trustee for the calendar years 1938 and 1939. The taxes were assessed on income (rents and royalties) received by the trustee from the trust property mentioned in Security-First National Bank v. United States, supra. The order of June 6, 1944, directed the trustee to pay appellant's claim out of income received or to be received from the trust property.

---

[1] See In re F. P. Newport Corp., 9 Cir., 93 F.2d 630; Id., 9 Cir., 97 F.2d 504; Id., 9 Cir., 98 F.2d 453; City of Long Beach v. Metcalf, 9 Cir., 103 F.2d 483; Security-First National Bank v. Bank of America National Trust & Savings Assn., 9 Cir., 111 F.2d 50; United States v. Metcalf, 9 Cir., 131 F.2d 677; Security-First National Bank v. United States, 9 Cir., 153 F.2d 563.

The trustee did not obey the order of June 6, 1944. Instead, he applied for and, on October 17, 1944, obtained from the referee an order directing him to pay Security-First National Bank of Los Angeles, a secured creditor of the bankrupt,[2] $5,264.11 out of income received from the trust property—income on which taxes were then, and are now, due and owing to appellant. The court affirmed the order of October 17, 1944, by an order entered on April 13, 1945. From the order of April 13, 1945, appellant has appealed.

As indicated above, the order of October 17, 1944, in effect, directed that, before paying taxes on income received by him from the trust property, the trustee should pay the bank $5,264.11 out of such income. Thus, in effect, it was held that the bank's right in and to such income was superior to appellant's right to taxes thereon. We have held otherwise.[3] The order of October 17, 1944, should not have been applied for, granted or affirmed.

The order of April 13, 1945, here appealed from, is reversed.

---

[2] See Security-First National Bank v. United States, supra.

[3] See Security-First National Bank v. United States, supra.