**In re OBIE ELIE WRECKING CO., INC., Debtor.**

Bankruptcy No. B78–1467.

United States Bankruptcy Court, N.D. Ohio, E.D.

Dec. 16, 1983.

Carl J. Character, Cleveland, Ohio, for debtor.

J. William Petro, U.S. Atty., and Ralph E. Cascarilla, Asst. U.S. Atty., Cleveland, Ohio, for U.S.

MEMORANDUM OF OPINION

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter is before the Court on the motion of the United States of America requesting the Court to reconsider its order of November 3, 1983, granting debtor's motion to require the trustee to make preferential application of funds due the Internal Revenue Service ("IRS").

On September 18, 1978, debtor, Obie Elie Wrecking Co., Inc., filed a petition under Chapter XI of the Bankruptcy Act. On July 23, 1979, the debtor was adjudged bankrupt, and the proceeding was converted to a Chapter 7 case under the Act.

At the time of filing the Chapter XI case, debtor was indebted to IRS for income and social security taxes withheld from debtor's employees, as well as other taxes. Debtor filed a motion to require the trustee to apply the payment to be made to IRS to income and social security taxes. Since IRS failed to oppose the said motion, it was granted. Now IRS seeks reconsideration of the granting of the said motion.

In its motion for reconsideration of this Court's November 3, 1983 order requiring the trustee for debtor to make a preferential application of funds, IRS argues that debtor has no right to decide how the tax funds are to be apportioned, since the payment is involuntary. Debtor argues that since its bankruptcy petition was voluntary and the trustee acts on behalf of the debtor, payments by the trustee in a voluntary bankruptcy are voluntary payments by the debtor.

 From a review of case law in this area, it appears certain that the payments were involuntary as the term is used in *O'Dell v. United States,* 326 F.2d 451 (10th Cir.1964). When payments are involuntary, IRS, not the taxpayer, has the right to decide how to apply those payments. In *First National City Bank v. Kline,* 439 F.Supp. 726 (S.D.N.Y.1977), Citibank at-

tempted to recover payments due from Kline as guarantor on a loan to Vogue, which had filed for bankruptcy. Kline had guaranteed a loan of $537,500.00, and he argued that a payment of $711,353.50 by Vogue to Citibank, pursuant to a court order, had to be applied first to the debtor for which he (Kline) was a guarantor. The court declined, noting that "a debtor's right to apply payments exists only when the payments are voluntarily made. Where, as here, moneys are repaid under judicial order, the court has exclusive authority to apply the funds...." 439 F.Supp. at 729. The crucial distinction is between voluntary action by a taxpayer and action directed by the court for the benefit of creditors. In this case, the trustee had no right to decide how the funds would be applied. Where court action requires payments, payments are not "voluntary."

As a final argument, the attorney for the debtor argues obliquely that the trustee, acting as agent for the debtor, makes payments at the direction of the debtor, and that the payments are, therefore, voluntary acts of the debtor. Obviously, the trustee is not the agent of the debtor. 11 U.S.C. § 323(a). He acts as representative of the estate, managing the estate's funds for the benefit of creditors of the estate.

The payment to be made by the trustee to IRS is an involuntary payment, and IRS is free to apply the payment as it so determines.

Based upon the foregoing, the order of November 3, 1983 should be vacated.