**In re R.L. INGE DEVELOPMENT CORP., Debtor.**

**Bankruptcy No. 81–00600–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Oct. 7, 1987.

Paul S. Bliley, Jr., Richmond, Va., for debtor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, District Judge.

This matter is before the Court upon the request of R.L. Inge ("Inge") for an order of this Court directing that payments made by R.L. Inge Development Corp. ("Debtor") to the Internal Revenue Service ("I.R.S.") be applied to the I.R.S.' statutorily secured tax liens prior to being applied to other tax debts owed to the I.R.S. by the Debtor. Upon the convening of a hearing on the request for an order, and after consideration of briefs filed by counsel and oral argument on the issues, this Court makes the following findings of fact and conclusions of law.

## STATEMENT OF FACTS

On or about April 2, 1987, a notice was filed in the R.L. Inge Development Corp. Chapter 7 bankruptcy proceeding of the Trustee in Bankruptcy's Final Report and Account for Distribution. Inge, by counsel, moved this Court for a hearing on said Final Report. Inge objected to the characterization of certain claims filed by the I.R.S. as priority claims and sought a hearing on that issue and on the issue of the method of distribution of paid claims.

According to the Trustee's Final Report, the balance on hand to distribute in this case is in excess of $88,000.00. The majority of these funds were generated through adversary proceedings instituted for the sale of three (3) parcels of real estate owned by the Debtor.

In each of the proceedings the amount of the liens against said real property exceeded the value of the property. In each proceeding, the properties were sold with the consent of all the lien holders and the Debtor pursuant to § 363 of the Bankruptcy Code which provided for the sale of the parcels free and clear of liens with the liens on said parcels being transferred to the proceeds. On January 21, 1982 this Court entered a joint order providing that the judgment liens of the secured creditors "be transferred to the proceeds of sale in the same priorities as they attach to the realty."

It is the position of Inge that the claims of the I.R.S. are secured claims and are not priority claims as indicated in the Trustee's Notice. Inge also contends that this Court pursuant to its order, directed the manner in which the subject real estate's proceeds should be applied to the liens held by the Debtor's secured creditors. The position of the I.R.S. is that this Court merely provided that the lien holders' liens would attach to the proceeds with the same priority as they had against the subject real property.

**794**

## CONCLUSIONS OF LAW

### Nature of the Order Dated January 21, 1982

The order dated January 21, 1982 does not provide that a certain distribution scheme be applied to the I.R.S' superior tax liens. Rather, its intent was to preserve the I.R.S.' tax claims against the proceeds of sale as they had existed against the subject real estate prior to being sold.

### Classification of the Debtor's Payment

The I.R.S.' tax claims are secured claims by reason of their properly filed tax notices. 26 I.R.C. § 6321 (1967). To determine how the I.R.S.' tax liens should be treated reference should be made to § 724 of the Bankruptcy Code which controls how certain tax liens are to be distributed and provides in pertinent part that:

(b) Property in which the estate has an interest and that is subject to a lien that is not avoidable under this title and that secures an allowed claim for a tax, or proceeds of such property, shall be distributed—

(1) first....

(2) second, to any holder of a claim of a kind specified in section 507(a)(1), 507(a)(2), 507(a)(3), 507(a)(4), 507(a)(5), or 507(a)(6) of this title, to the extent of the amount of such allowed tax claim that is secured by such tax lien.

It is clear that the proceeds of sale in the case at bar fall within the purview of § 724(b) by reason that all the requisite elements of subsection (b) are satisfied. Therefore, the proceeds of sale should be distributed as specified by paragraph (2) which makes a cross-reference to § 507(a)(1–7).[1]

The effect of § 724(b) is to modify the I.R.S.' secured tax claims to unsecured claims entitled to priority status pursuant to § 507(a)(7). In re Barry, 31 B.R. 683, 687 (Bankr.S.D.Ohio 1983). See also In re Darnell, 58 B.R. 122 (Bankr.W.D.Ky.1986). However, the priority rules of § 507 do not completely resolve the issue presented to this Court. Priority rules are designed to settle claims between competing creditors. In re Hubler Rentals Inc., 5 B.C.D. 850 (Bankr.E.D.Pa.1979). In the matter at hand there has been no assertion that there are competing tax lien creditors; rather, separate liens are held by one creditor—the I.R.S. Because the I.R.S. is the only competing tax lien creditor, it is necessary for this Court to ascertain whether the Debtor's payments are voluntary or involuntary in order to determine whether the I.R.S. has the right to satisfy the tax debts of the Debtor with said payments in the order of its own preference.

The cases of In re Hubler, Inc., 5 B.C.D. 850 (Bankr.E.D.Pa.1979) and O'Dell v. United States, 326 F.2d 451 (10th Cir.1964) are persuasive to this Court in resolving the issue presented. Both cases held that a debtor whose payment is involuntary may not direct how those payments are to be allocated to his tax debts. An involuntary payment is defined as "any payment received by agents of the United States as a result of a distraint or levy from a legal proceeding in which the government is seeking to collect is delinquent taxes or file a claim therefor." In re Energy Resource, 59 B.R. 702, 704 (D.Mass.1986).

In In re Obie Elie Wrecking Co., Inc., 35 B.R. 114, 115 (N.D.Ohio 1983), the Court determined that such "distraint or levy from a legal proceeding" is where the debtor repays monies under judicial order. Accordingly, the court in Obie held that the debtor's payments were involuntary and that the I.R.S. had the right to determine how to apply the payments to the debtor's federal tax debts.

It was a result of a judicial order dated January 21, 1982 that property of the Debtor was sold and the liens held by various secured creditors of the Debtor, including the I.R.S., were transferred to the proceeds of sale for ultimate payment. Such court action constitutes the necessary judicial "distraint or levy" to cause the Debtor's

---

**1.** Through inadvertence, § 724(b)(2) was not amended to reflect the redesignation of paragraph (6) of § 507(a) as paragraph (7). See Bankruptcy, Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 350, 98 Stat. 358 (1984).

payments to be involuntary. *See Amos v. Commissioner,* 47 T.C. 65, 69 (1966) (involuntary payment is where court action results in an actual seizure of property). Because the Debtor's payment was involuntary, the I.R.S. has the right to decide how to apply said payments to its tax liens.

Therefore, Inge's request for an order of this Court directing the I.R.S. to apply said payments to its statutorily secured liens first is denied.

An appropriate Order will issue.