**In re FLO–LIZER, INC., Debtor.**

**Bankruptcy No. C2–89–0560.**

United States District Court,
S.D. Ohio, E.D.

Oct. 5, 1989.

E. James Hopple, Schottenstein, Zox & Dunn, Columbus, Ohio, for debtor.

Joanne C. Rutkowski, U.S. Dept. of Justice, Tax Div., Washington, D.C.

## OPINION AND ORDER

GRAHAM, District Judge.

Appellant, The United States of America, filed this appeal from a May 18, 1989 order of the United States Bankruptcy Court sustaining the objection of debtor Flo-lizer, Inc. ("Flo-lizer") to the claim of the Internal Revenue Service ("I.R.S.") for administrative expenses.

This case originated in the United States Bankruptcy Court as a Chapter 11 bankruptcy filed by the debtor on April 30, 1986. The United States became involved in this case on behalf of the I.R.S. when the debtor objected to the administrative expense claims which the I.R.S. had filed against the bankruptcy estate. The I.R.S.'s claims were for employer withholding, Federal Insurance Contributions Act ("F.I.C.A."), and Federal Unemployment Tax Act ("F.U.T. A.") tax liability and penalties, and interest thereon. The I.R.S. limited its claims solely to those taxes, penalties, and interest which the debtor had incurred after the filing of its bankruptcy petition. On Feb-

ruary 13, 1989, the debtor filed an objection to the administrative expense claims to the extent that they included interest on the post-petition taxes and penalties. On May 18, 1989, the bankruptcy court sustained the debtor's objection, holding that "interest is not allowable on such priority tax claim and that the United States of America is not entitled to an administrative claim for interest on its Section 503(b) priority claim." The United States filed a notice of appeal of the bankruptcy court's decision on June 2, 1989.

The United States seeks first priority treatment of its claim for interest as an administrative expense pursuant to 11 U.S.C. §§ 503, 507. Administrative expenses entitled to first priority treatment are defined at 11 U.S.C. § 503, which provides in pertinent part as follows:

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, *including—*

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title;

...; and

(C) any fine, penalty, or reduction in credit, relating to a tax of a kind specified in subparagraph (B) of this paragraph.

*Id.* (Emphasis added).

Although conceding that this statutory provision does not expressly address the priority status of interest on first priority taxes and penalties, The United States contends that the language of the statute is ambiguous, that pre-Bankruptcy Code law treated interest on any first priority tax and/or penalty as a first priority administrative expense, and that the legislative history of the Bankruptcy Code exhibits Congress's intent to preserve this treatment. The United States further notes that the United States Court of Appeals for

the Fourth Circuit in *United States v. Friendship College, Inc.*, 737 F.2d 430 (1984) afforded interest first priority administrative expense status. The debtor contests The United States' characterization of the statutory language and its reading of the legislative history. The debtor further notes that the Bankruptcy Appellate Panel of the United States Court of Appeals for the Ninth Circuit in *In re Mark Anthony Construction, Inc.*, 78 B.R. 260 (1987) disallowed first priority administrative expense status to interest on first priority taxes and/or penalties.

The Court would here interject that the decision of the Bankruptcy Appellate Panel was reversed by the Ninth Circuit on September 22, 1989. *In re Mark Anthony Construction, Inc.*, 886 F.2d 1101 (9th Cir. 1989). Whereas the bankruptcy panel held that the legislative history affirmatively evidenced Congress's intent to disallow interest, the Ninth Circuit found the legislative history to be inconclusive, and therefore, construed the statute to treat interest in the same manner as pre-Bankruptcy Code law did.

All bankruptcy cases filed before October 1, 1979 were governed by the Bankruptcy Act of 1898. Bankruptcy cases filed thereafter are governed by the Bankruptcy Code of 1978 ("Bankruptcy Code") which was enacted as part of the Bankruptcy Reform Act of 1978. The Bankruptcy Reform Act of 1978 was designed to modernize and codify the bankruptcy laws. 9 Am.Jur.2d *Bankruptcy* §§ 2, 4 & 5 (1980).

■ Recently, the Supreme Court of the United States had the opportunity to address the significance of the Bankruptcy Act of 1898 in construing a provision of the Bankruptcy Code. *United States v. Ron Pair Enterprises, Inc.*, —— U.S. ——, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The Supreme Court recognized that the Bankruptcy Code

was intended to modernize the bankruptcy laws, and as a result made significant changes in both the substantive and procedural laws of bankruptcy.... In such a substantial overhaul of the system, it is not appropriate or realistic to expect Con-

gress to have explained with particularity each step it took. Rather, as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.

*Id.* 109 S.Ct. at 1030 (citations omitted). The Supreme Court made it clear that when the language of the Bankruptcy Code is unambiguous, its plain meaning is generally controlling and, in most cases, inquiry need not be made into legislative intent. However, "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.' In such cases, the intention of the drafters, rather than the strict language, controls." *Id.* (citations omitted) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). This analysis would not be applicable when the statute being construed is ambiguous. In the case of an ambiguous statute, inquiry into legislative intent would be not only justified but necessary.

■ The wording of the statute in the instant case, 11 U.S.C. § 503(b), is ambiguous on its face. On this point, as well as generally, the Court is in full agreement with the Ninth Circuit's analysis in *In re Mark Anthony Construction, Inc.*, 886 F.2d 1101. Although the statute expressly addresses the priority status of taxes and penalties in its definition of administrative expenses, it simply does not address the status of interest. Although silence alone might not warrant inquiry into legislative intent, the statute also includes an express element of ambiguity. In particular, 11 U.S.C. § 503(b) provides that "there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, *including*—[actual, necessary costs and expenses of preserving the estate; taxes; fines and penalties; etc.]." The word "including" is certainly open to the interpretation that the enumeration of claims defined as administrative expenses pursuant to 11 U.S.C. § 503(b) are not exhaustive. This interpretation is bolstered by 11 U.S.C. § 102(3) which provides that, in construing Title 11, " 'includes' and 'including' are not limiting." Therefore, administrative expenses entitled to first priority status are not necessarily confined to those enumerated at 11 U.S.C. § 503(b). In order to determine what other claims might fall within the ambit of "administrative expenses," inquiry must be made into legislative intent. In light of this ambiguity in the statute, the debtor's reliance on *Ron Pair Enterprises, Inc.* for not looking beyond the face of the statute is misplaced.

■ Clearly established law prior to the enactment of the Bankruptcy Code held that interest was entitled to first priority status as an administrative expense even though the statutory predecessor to 11 U.S.C. § 503(b), § 64(a)(1) of the Bankruptcy Act of 1898, did not expressly include interest as an administrative expense. *Nicholas v. United States*, 384 U.S. 678, 686, 86 S.Ct. 1674, 1681, 16 L.Ed.2d 853 (1966). The issue which the Court must now address is whether Congress intended to retain or change this treatment of interest when it enacted the Bankruptcy Code.

The Senate version of 11 U.S.C. § 503(b) expressly included within administrative expenses "any taxes, including interest thereon." S. 2266, 95th Cong., 2d Sess. § 503(b)(1)(B). The Report of the Senate Judiciary Committee affirmed the intention to afford interest first priority administrative expense status. S.REP. NO. 95–989, 95th Cong., 2d Sess. 66 *reprinted in* 1979 U.S.CODE CONG. & ADMIN.NEWS 5787, 5852. However, the House bill, after amendments by the Senate and then the House of Representatives, was the bill that was finally enacted.

The House bill, H.R. 8200, 95th Cong., 2d Sess., and committee reports did not mention interest in discussing administrative expenses. Furthermore, the House bill as enacted was not amended to expressly include interest as an administrative expense. Although the Senate bill included both interest and penalties, H.R. 8200 included neither. The House bill as enacted was amended to include penalties but remained

silent as to interest. This possibly suggests a compromise to include penalties but not interest.

On the other hand, the Court agrees with The United States that 11 U.S.C. § 503(b) "is derived mainly from section 64(a)(1) of the Bankruptcy Act, with some changes," H.R.REP. NO. 95–595, 95th Cong., 2d Sess. 355 *reprinted in* 1979 U.S.CODE CONG. & ADMIN.NEWS 5963, 6311. The House reports indicate that "[t]he major change from current law in [regard to first priority administrative expenses] is the elimination of fees for the Referees Salary and Expense Fund, which is eliminated for cases filed under the new law." *Id.* at 6147. Although certain changes were expressly discussed in the House reports, the treatment of interest was never mentioned. The Court would note that the absence of any mention of interest is not surprising since the statute never expressly dealt with interest either before or after the enactment of the Bankruptcy Code, and in that sense the statute never changed. The Court would further note that the House reports include a reference in the footnotes to *Security First National Bank v. United States*, 153 F.2d 563, 565 (9th Cir.1946), which allowed a government claim for "taxes ... plus interest." H.R.REP. NO. 96–595, 95th Cong., 2d Sess. 193 *reprinted in* 1979 U.S.CODE CONG. & ADMIN.NEWS 5973, 6153–54 n. 123.

In conclusion, the Court agrees with the United States Court of Appeals for the Ninth Circuit that the legislative history is inconclusive. *In re Mark Anthony Construction, Inc.*, 886 F.2d 1101 (1989). As recognized by the Ninth Circuit, the Supreme Court of the United States has set forth the rule in cases where a statute is ambiguous and the legislative intent unclear that " 'no changes in law or policy are to be presumed from changes of language in [a statutory] revision unless an intent to make such changes is clearly expressed.' " *Finley v. United States*, —— U.S. ——, ——, 109 S.Ct. 2003, 2006, 104 L.Ed.2d 593 (1989) (quoting *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 227, 77 S.Ct. 787, 790, 1 L.Ed.2d 786 (1957)). In

light of the lack of clarity in the legislative history, the Court must construe the statute in the instant case to present no change from prior law.

This Court is in full agreement with the Ninth Circuit's analysis in *In re Mark Anthony Construction, Inc.* and follows it and the Fourth Circuit in *United States v. Friendship College, Inc.*, 737 F.2d 430 (1984) in holding that the pre-Bankruptcy Code common law treatment of interest on administrative expense taxes and/or penalties survives the statutory revision. This interest is therefore entitled to first priority administrative expenses status pursuant to 11 U.S.C. § 503, 507. The United States Bankruptcy Court's May 18, 1989 order disallowing interest as an administrative expense is REVERSED and REMANDED for further proceedings consistent with this Opinion and Order.

It is so ORDERED.