**In re F.A. POTTS & CO., INC. and G.M.P. Land Co., Inc., Debtors.**

**Bankruptcy No. 81–03639T.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 4, 1990.

See also, Bkrtcy., 108 B.R. 59.

Virginia R. Powel, Asst. U.S. Atty., U.S. Dept. of Justice, Philadelphia, Pa., Julie A. Evans, U.S. Dept. of Interior, Office of the Sol., Pittsburgh, Pa., for U.S.

Gary M. Schildhorn, Adelman, Lavine, Gold & Levin, Philadelphia, Pa., for creditors' committee.

## OPINION

THOMAS M. TWARDOWSKI,
Chief Judge.

Before the court is the creditors' committee's objection to the second amended claim filed by the United States Department of Interior ("United States") requesting payment of interest, penalties and "administrative costs" as administrative expenses under 11 U.S.C. § 503(b)(1). For the reasons outlined below, we find that the United States is entitled to interest as an administrative expense, that the penalties, although classified as administrative expenses under § 503(b)(1)(C), must be subordinated in this case to the claims of unsecured creditors pursuant to 11 U.S.C. § 510(c)(1) and that the "administrative costs" are not compensable as administrative expenses because the United States has not met its burden of proof.

Previously, the United States filed several proofs of claim for reclamation fees under the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1232(a). The United States and the committee agreed by stipulation, which was approved by this court, that the United States was entitled to an administrative claim for the principal amount of the reclamation fee. At issue is whether post-petition interest, penalties and "administrative costs" are compensable as administrative expenses under 11 U.S.C. § 503(b)(1).

■ We first address the question of whether interest which accrued on the principal amount of the reclamation fee is compensable as an administrative expense. We begin our analysis with 11 U.S.C. § 503(b) and note that although interest is not specifically included among the examples listed in § 503(b)(1)–(6) as administrative expenses, the language of § 503(b)[1] suggests that Congress did not intend that these examples be deemed exhaustive. *United States v. Ledlin (In re Mark Anthony Construction, Inc.)*, 886 F.2d 1101 (9th Cir.1989); *United States v. Cranshaw (In re Allied Mechanical Services, Inc.)*,

---

**1.** 11 U.S.C. § 503(b) states, in pertinent part:

After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, *including —*

\*    \*    \*    \*    \*    \*

(emphasis supplied).

885 F.2d 837 (11th Cir.1989); *Collier on Bankruptcy*, 15th Ed. ¶ 503.03 at 503.17. *See also*, 11 U.S.C. § 102(3).[2] Furthermore, in *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), the United States Supreme Court examined § 64(a)(1) of the Bankruptcy Act[3] and determined that interest on taxes which became due during the pendency of chapter 11 proceedings but were never paid qualified for priority treatment.[4] Given the rule of statutory construction that "no changes in law or policy are to be presumed from changes in language in [a statute's] revision unless an intent to make such changes is clearly expressed," *In re Mark Anthony Construction, Inc.*, 886 F.2d at 1107 (quoting *Finley v. United States*, — U.S. —, 109 S.Ct. 2003, 2009, 104 L.Ed.2d 593 (1989)), we conclude that § 503(b)(1) should be interpreted in a manner consistent with *Nicholas v. United States, supra*, and that post-petition interest must be treated as an administrative expense.[5] *In re Mark Anthony Construction, Inc., supra; In re Allied Mechanical Services, Inc., supra.*[6] Accordingly, we rule that the United States is entitled to interest as an administrative expense under § 503(b)(1).

We next turn to the question of whether the United States is entitled to an administrative claim for the penalties assessed against debtor post-petition. As the committee admits, the penalties qualify for treatment as administrative expenses under § 503(b)(1)(C). However, in this case we believe that equity requires that the penalty claim be subordinated pursuant to 11 U.S.C. § 510(c)(1) to the claims of unsecured creditors. *In re Merwede*, 84 B.R. 11 (Bankr.D.Conn.1988). Hence, we sustain the committee's objection to the penalty portion of the United States' second amended claim.

█ Finally, we address the issue of whether the United States is entitled to payment of "administrative costs" as an administrative expense under § 503(b)(1)(A). Initially, we note that in its second amended claim, the United States merely lists "administrative costs" of $418.00 as an administrative expense but does not specify the components of the "administrative costs." No detail or description of the "administrative costs" is supplied. Therefore, we must find that the United States failed to meet its burden of proving that the "administrative costs" are an actual and necessary cost or expense of preserving the estate, *see, In re Grant*

2. 11 U.S.C. § 102(3) states:
   In this title—
   * * * * * *
   (3) "includes" and "including" are not limiting.
   * * * * * *

3. § 64(a)(1) of the Bankruptcy Act, then codified as 11 U.S.C. § 104(a), listed the types of debts which would be given priority in the distribution of the bankrupt's assets. Like § 503(b) of the Code, § 64(a)(1) of the Act did not specify whether post-petition interest qualified for priority treatment as an administrative expense.

4. Instantly, the parties have agreed that the reclamation fees are to be treated like taxes for purposes of determining their status as administrative expenses. *See, United States v. H.G.D. & J. Mining Company, Inc.*, 74 B.R. 122 (S.D.W.Va. 1986), *aff'd per curiam*, 836 F.2d 546 (4th Cir. 1987); *In re Sunset Enterprises, Inc.*, 49 B.R. 296 (Bankr.W.D.Va.1985).

5. As the United States Supreme Court indicated in *Brunig v. United States*, 376 U.S. 358, 361, 84 S.Ct. 906, 909, 11 L.Ed.2d 772, 774–775 (1964),

interest is generally considered an integral part of a continuing debt. Hence, we agree with the reasoning expressed by the Ninth Circuit Court of Appeals in *In re Mark Anthony Construction, Inc.*, 886 F.2d at 1107 that "a rule which treats interest in the same manner as the underlying tax is consistent with the general treatment of taxes and interest under the Code, and in the tax laws."

6. We recognize that in *In re American International Airways, Inc.*, 77 B.R. 490 (Bankr.E.D.Pa. 1987) our colleague, the Honorable David A. Scholl, ruled that unless extraordinary circumstances exist, post-petition interest would not qualify for priority treatment as an administrative expense under § 503(b)(1). We note, however, that Judge Scholl's decision in *In re American International Airways, Inc., supra*, was rendered before the Ninth Circuit Court of Appeals decided *In re Mark Anthony Construction, Inc., supra*, and before the Eleventh Circuit Court of Appeals decided *In re Allied Mechanical Services, Inc., supra.*

*Broadcasting of Philadelphia, Inc.,* 71 B.R. 891, 896 (Bankr.E.D.Pa.1987), and we sustain the committee's objection to the "administrative costs" portion of the United States' second amended claim.

An appropriate order will follow.

ORDER

AND NOW, this 4th day of May, 1990, it is ORDERED that the objections filed by the creditors' committee to the second amended claim filed by the United States Department of Interior ("United States") are SUSTAINED in part and DENIED in part and the court finds that: (1) the United States is entitled to an administrative claim under 11 U.S.C. § 503(b)(1) in the amount of $52,830.41 for interest accrued post-petition on the principal amount of the reclamation fee; and (2) although penalties qualify for treatment as administrative expenses under § 503(b)(1)(C), the United States' claim for penalties must be subordinated pursuant to 11 U.S.C. § 510(c)(1) to the claims of unsecured creditors; and (3) the United States is not entitled to an administrative claim for "administrative costs."