**In the Matter of PETER DelGRANDE CORP.**

**Bankruptcy No. 82–00538.**

United States Bankruptcy Court, D. New Jersey.

March 16, 1992.

Julia A. Cannarozzi, Sp. Asst. U.S. Atty., Newark, N.J., for I.R.S.

Robert W. Lynch, Sherman, Silverstein, Kohl, Rose & Podolsky, P.C., Pennsauken, N.J., for objectors.

WILLIAM H. GINDIN, Chief Judge.

PROCEDURAL HISTORY AND STATEMENT OF THE FACTS

Before the Court is a motion to reduce the claim of the Internal Revenue Service

("IRS"), which includes interest on withholding taxes which accrued during the pendency of a Chapter 11 reorganization proceeding. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. Since this is a motion involving claims, it is a "core" matter pursuant to 28 U.S.C. § 157(b)(2)(B).

The Peter DelGrande Corporation ("Debtor"), was incorporated in 1978. Debtor's principal business was general warehousing. Debtor filed a Chapter 11 petition on January 29, 1982 and remained in possession pursuant to 11 U.S.C. § 1107. A plan of reorganization was confirmed on April 25, 1984. In July 1986, the IRS filed a motion to convert the case or to appoint a trustee, because the debtor was not paying post-petition withholding taxes. This Court revoked the plan of reorganization on October 23, 1986 and appointed a trustee on December 5, 1986. The case was converted to one under Chapter 7 on November 7, 1988.

Peter DelGrande was the sole shareholder of the Debtor from the date of incorporation until his death on January 10, 1986. He died intestate. On April 26, 1984, the day after the plan of reorganization was confirmed, DelGrande transferred substantial managerial control of Debtor to Peter J. O'Connor ("O'Connor") and Deborah DelGrande ("Deborah") (Peter DelGrande's daughter). O'Connor became the manager of finance and capital improvements, while Deborah became chief of bookkeeping and payroll. Both remained in these positions throughout the reorganization period. In addition, O'Connor was the attorney for Peter DelGrande personally, the Debtor corporation and the estate of Peter Del-Grande.

On April 17, 1991, both O'Connor and Deborah ("Objectors" or Potentially Responsible Persons") received notices as potentially responsible persons from the IRS, purporting to hold them personally liable for unpaid withholding taxes incurred during the Chapter 11 reorganization period, pursuant to 26 U.S.C. § 6672.

On April 17, 1991, the Trustee filed a motion to reduce, modify or expunge priority and secured claims of the IRS. This motion sought to fix the IRS's administrative claims at $130,044.85. The IRS objected to the amount allocated to pay its administrative claim and asserted that interest and penalties continued to accrue until paid. O'Connor and Deborah argue that the interest ceases to accrue upon conversion of the case to a Chapter 7 proceeding.

■ O'Connor and Deborah filed objections to the administrative claim of the IRS on June 20, 1991. The recipients of notices of potential responsibility have standing to object as parties in interest when the assets of the estate are insufficient to pay the full administrative claim. Accordingly, if the debt continues to accrue interest, the liability of the Objectors is increased. The objection of the Potentially Responsible Persons is presently before this Court.

## ISSUES

1. Whether interest accruing on post-petition taxes is a first priority administrative expense.
2. If so, whether interest retains its administrative expense status when a case has been converted from a Chapter 11 reorganization to a Chapter 7 liquidation.
   a. Whether the interest on the post-petition taxes continues to accrue beyond the date of conversion.
3. Whether the Potentially Responsible Persons can instruct the IRS to allocate the payments such that trust fund tax obligations are satisfied prior to a debtor's other IRS obligations.

## CONCLUSIONS OF LAW

1. *Interest Accruing on Tax Liabilities Incurred During the Reorganization Period is an Administrative Expense*

■ The Potentially Responsible Persons and the IRS agree that post-petition withholding taxes are administrative expenses of the estate entitled to first priority. 11 U.S.C. §§ 503(b)(1)(B) and 507(a)(1). *In re General Polymerics Corp.*, 54 B.R. 523 (Bankr.D.Conn.1985); *U.S. v. Friendship College, Inc.*, 737 F.2d 430 (4th Cir.1984).

The dispute arises over the treatment of interest accruing on these taxes.

11 U.S.C. § 503 provides, in pertinent part:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under § 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case:

(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in § 507(a)(7) of this title; or ...

(C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph;

This section is silent with respect to the treatment of interest which accrues on taxes. The IRS claims that the interest is part of the tax and should be accorded identical treatment as the tax. O'Connor and Deborah claim that Congress specifically omitted interest from the category of administrative expenses.

In the Pre–Code case of *Nicholas v. United States,* the Supreme Court held that under § 64(a)(1) of the Bankruptcy Act, interest on taxes which were incurred in the bankruptcy proceeding, but which were never paid, were entitled to priority treatment. 384 U.S. 678, 688, 86 S.Ct. 1674, 1682, 16 L.Ed.2d 853 (1966). Since the enactment of the Bankruptcy Code, however, courts have split on the issue of according administrative expense status to interest accruing on post-petition taxes.

O'Connor and Deborah request that this Court follow the basic analyses of courts which have rejected treatment of interest

on post-petition withholding taxes as an administrative expense. The rationale of these decisions hinges on an examination of the legislative history of 11 U.S.C. § 503(b). Specifically, the Senate version of § 503 stated that "taxes, including interest thereon," shall be treated as administrative expenses. S. 2266, 95th Cong.2d Sess. (1978). The House version of § 503 contained no reference to interest. Finally, the adopted version contains no mention of interest. Accordingly, these courts reason that Congress deliberately omitted interest from § 503.[1] This Court declines to follow the Objectors' argument.

The issue was considered by a New Jersey Bankruptcy Court in *Pharmadyne Laboratories, Inc.,* 53 B.R. 517 (Bankr. D.N.J.1985). After finding that post-petition trust fund taxes are administrative expenses under 11 U.S.C. § 503(b)(1)(B) falling within 11 U.S.C. § 507(a)(1), Judge DeVito considered whether the IRS was entitled to post-petition interest on the debt. Holding that the interest on the taxes was an administrative expense, the court relied on a Supreme Court decision which stated that interest is generally considered an integral part of the continuing debt, and interest on unpaid taxes is "part and parcel of the tax due." *Pharmadyne,* 53 B.R. at 523; *Bruning v. United States,* 376 U.S. 358, 360, 84 S.Ct. 906, 907–08, 11 L.Ed.2d 772 (1964). The court declined to follow Pharmadyne's argument that failure to include interest in § 503 was a deliberate omission. *Pharmadyne,* 53 B.R. at 523.[2] This Court declines to follow the analysis advanced by Pharmadyne, and endorsed by the Objectors here.

Given the rule of statutory construction that "no changes in law or policy are to be presumed from changes in language in [a statutory] revision unless an intent to make

**1.** *In re Johnson,* 188 Bankr.Lexis 2607 (N.D. Ohio 1988); *Matter of Mansfield Tire & Rubber Co., Inc.,* 73 B.R. 735 (Bankr.N.D. Ohio 1987); *Matter of Hirsch–Franklin, Enterprises, Inc.,* 63 B.R. 864 (Bankr.M.D.Ga.1986); *Matter of Lumara Foods of America, Inc.,* 50 B.R. 809 (Bankr.N.D. Ohio 1985); *In re Stack Steel & Supply Co.,* 28 B.R. 151 (Bankr.W.D.Wash.1983).

**2.** Relying on *Pharmadyne* and *U.S. v. Friendship College, Inc.,* 737 F.2d 430 (4th Cir.1984), the court in *Matter of Isley,* 104 B.R. 673 (Bankr. D.N.J.1989), also held that interest accruing on

such changes is clearly expressed," [3] the interest that accrues on post-petition taxes must be treated as an administrative expense. *In re F.A. Potts & Co., Inc.,* 114 B.R. 92, 94 (Bankr.E.D.Pa.1990). *See also, In re Allied Mechanical Services,* 885 F.2d 837, 839 (11th Cir.1989); *In re Mark Anthony Const., Inc.,* 886 F.2d 1101, 1107 (9th Cir.1989).

Additionally, contra to the Objectors' argument that *Nicholas* was overruled by § 503(b),

the absence of any mention of interest is not surprising since the statute never expressly dealt with interest either before or after the enactment of the Bankruptcy Code, and in that sense, the statute never changed. The Court would further note that the House reports include a reference in the footnotes to *Security First National Bank v. U.S.,* 153 F.2d 563, 565 (9th Cir.1946), which allowed a government claim for "taxes ... plus interest." H.Rep. No. 96–595, 95th Cong., 2d Sess., 193 reprinted in 1979, U.S.Code Cong. & Admin.News 5973, 6135–54 n. 123.

*In re Flo–Lizer, Inc.,* 107 B.R. 143, 146 (S.D.Ohio 1989) *aff'd* 916 F.2d 363 (6th Cir.1990).

Moreover, treating interest in the same manner as the underlying tax is consistent with the general treatment of interest in both the Bankruptcy Code and in the Internal Revenue Code. *Allied Mechanical Services,* 885 F.2d at 830; *Friendship College, Inc.,* 737 F.2d at 433 (4th Cir.1984).[4]

Similarly, it would be inconsistent to give priority status to a penalty associated with a tax, but not to interest on the tax.[5] Penalties, unlike interest are not usually considered integral to the tax itself, therefore, it would be awkward to construe Congressional intent to give penalties higher priori-

ty than interest. *In re Flo–Lizer,* 916 F.2d 363, 366 (6th Cir.1990). *See also In re Bergin Corp.,* 77 B.R. 210, 212 (Bankr. E.D.Wis.1987).

Finally, the structure of 11 U.S.C. § 503 is inconsistent with a restrictive interpretation of its list of administrative expenses. The Code itself specifies that the term "including" is not a limiting term. 11 U.S.C. § 102(3). *See In re Flo–Lizer,* 107 B.R. at 145.

Based on the foregoing, this Court holds that the interest accruing on the unpaid withholding taxes during the administration of the Chapter 11 proceeding is an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(B).

*2. Chapter 11 Administrative Expenses Retain their Administrative Expense Status Despite the Conversion to Chapter 7*

■ Although the issue was not directly addressed by either party, this Court holds that the interest accruing on the taxes incurred during the reorganization period retains its administrative expense status, despite the conversion of the case to one under Chapter 7.

11 U.S.C. § 348(d) provides:

a claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under § 1112, 1307 or 1208 of this title, other than a claim specified in § 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of filing the petition.

Inasmuch as this case was converted under 11 U.S.C. § 1112(b)(2) for failure to substantially consummate a plan, and the Court has herein found that the interest

municipal tax claims was an administrative expense entitled to priority status.

**3.** *Finley v. U.S.,* 490 U.S. 545, 553, 109 S.Ct. 2003, 2009, 104 L.Ed.2d 593 (1989). *See also Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 227, 77 S.Ct. 787, 791, 1 L.Ed.2d 786 (1957).

**4.** For example, 11 U.S.C. § 506(b) provides post-petition interest to oversecured creditors and 11

U.S.C. § 726 provides for post-petition interest on unsecured claims when the bankruptcy estate ultimately proves to be solvent.

**5.** 11 U.S.C. § 503(b)(1)(C) provides that penalties relating to a tax included within 11 U.S.C. § 503(b)(1)(B) are administrative expenses.

falls within § 503(b)(1)(B), the interest retains its administrative expense status and is not affected by the conversion. *In re Johnson,* 901 F.2d 513 (6th Cir.1990); *In re Bondi's Valu–King, Inc.,* 102 B.R. 108, 111 (Bankr.N.D.Ohio 1989); *In re West Johnson Corporation,* 96 B.R. 182, 184 (Bankr. W.D.Wis.1988); *In re Transsouth Truck Equipment, Inc.,* 87 B.R. 937, 941 (Bankr. E.D.Tenn.1988).[6]

### a. The Interest Accruing on the Post–Petition Taxes Continues to Accrue Until Paid

In an overly simplistic analysis, O'Connor and Deborah argue that if the interest is held to be an administrative expense, it should only accrue to November 7, 1988, the date upon which the case was converted to a Chapter 7. The IRS has declined to rebut this argument.

In *Sexton v. Dreyfus,* 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1911), the Supreme Court held that the accumulation of interest on claims against a bankrupt estate is suspended as of the date of the filing of a petition in bankruptcy.[7] In *Nicholas,* the court divided the case into three periods, the period prior to the Chapter 11 filing, the reorganization period and the Chapter 7 period. *Nicholas,* 384 U.S. at 686, 86 S.Ct. at 1681. The court held that a tax incurred during any one of those periods would be entitled "to bear interest against the bankrupt estate until, but not beyond the close of the period in which it was incurred." *Id.*

■ This Court agrees with the Objectors that the accumulation of interest as against the estate must be suspended as of November 7, 1988, the date of the conversion of the case. *Id.* However, this is only true to the extent that the interest is *paid out of assets of the estate.* Here, where O'Connor and Deborah are personally responsible for paying the taxes and interest thereon, the interest continues to accrue until paid.

In *United States v. Roberts Motor Express, Inc.,* 375 F.Supp. 1165 (W.D.N.Y. 1973), upon debtor's filing of a Chapter 11 petition, the IRS filed a proof of claim for taxes and penalties. The court confirmed the plan which included a $10,000 payment to the IRS, representing the reduced principal of the tax claims. After the $10,000 was paid and the case closed, the IRS brought a complaint against the debtor, seeking, *inter alia,* unpaid interest on Roberts' original principal tax debt from the date that Roberts filed its petition.

Analyzing the *Nicholas* decision, the court found that tax claims which survive the estate and are later collectible from the former bankrupt personally, continue to accrue interest as they are not claims payable out of the estate. *Roberts,* 375 F.Supp. at 1168. The court noted the distinction between claims which are payable out of the estate and those which are collectible personally from the debtors.

> The distinction is vital. The government is not permitted to deplete the assets of a bankrupt *estate,* and thus harm the other creditors by having its claim for interest keep running while the bankruptcy proceedings are under way. In holding that the United States cannot collect post-petition interest from the estate of a bankrupt, the Supreme Court based its reason on "the broad equitable principle that creditors should not be disadvantaged *vis-a-vis* one another by legal delays attributable solely to the time consuming procedures inherent in the administration of the bankruptcy laws." [*Nicholas v. United States,* 384 U.S. 678, 683, 86 S.Ct. 1674, 1679, 16 L.Ed.2d 853 (1966). Accord: *New York v. Saper,* 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949) ].

> This question of allowance of post-petition interest against the bankrupt estate is an entirely separate one from the collection of post-petition interest from the bankrupt himself, personally, after the

---

**6.** This Court notes, however, that the claim for interest that accrued during the Chapter 11 period is inferior to the Chapter 7 administrative expenses. 11 U.S.C. § 726(b). *In re Ramaker,* 117 B.R. 959 (Bankr.N.D.Iowa 1990); *Still v. United Pipe and Supply Co., Inc. (In re W.L.*

*Jackson Mfg. Co.)* 50 B.R. 498, 503 (Bankr. E.D.Tenn.1985).

**7.** A "petition in bankruptcy" refers to a Chapter 7 petition.

creditors have been paid their shares from the estate. The bankrupt has then been discharged as to the other creditors, but not from his tax debts to the United States. Such debts remain due and are not discharged because of the "congressional judgment that certain problems— e.g., those of financing government— override the value of giving a debtor a wholly fresh start". (*Bruning v. United States,* supra, [376 U.S.] at p. 361 [84 S.Ct. at p. 908]). Accordingly, ..., the plaintiff is entitled to collect from defendant personally the post-petition interest on its tax obligations from the date of the filing of the petition, March 27, 1958. *Roberts,* 375 F.Supp. at 1168.

Here, pursuant to 26 U.S.C. § 6672, the withholding taxes and interest thereon are the responsibility of O'Connor and Deborah personally, inasmuch as the estate is without the funds to pay the IRS claim.

This Court holds that the Debtor is responsible for payment of post-petition interest that accrued until November 7, 1988, the date of conversion. To the extent that Deborah DelGrande and Peter J. O'Connor are liable for payment of this debt, they are responsible for all interest accruing until the claim is paid.

### 3. The IRS May Apply the Tax Payment as it Sees Fit

The Objectors argue that this Court should allow them to dictate the allocation of payment to the IRS, such that the payment should be applied to the trust fund taxes first and then to satisfy other taxes

which are owed by Debtor to the IRS. The obvious result is that their liability decreases as the trust fund taxes are satisfied. This request flies in the face of the rationale behind 26 U.S.C. § 7501, which was enacted to assure payment of these taxes by holding officers like O'Connor and Deborah liable in just this situation.

In *United States v. Energy Resources Co., Inc.,* 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990), the Supreme Court held that in a Chapter 11 reorganization, a court may confirm a Chapter 11 plan which allocates payments to the IRS such that the trust fund taxes are paid prior to the other taxes. In so holding, the Court repeatedly relied on the rationale that this allocation of payments supported the rehabilitation efforts of the debtor.[8] The court also relied on the equitable powers of the bankruptcy court to approve confirmation plans which are consistent with and necessary to carry out the Bankruptcy Code.[9] Significantly, the Court never mentioned whether it would allow the same type of allocation in either a Chapter 11 or Chapter 7 liquidation case.

Furthermore, this decision overruled previous lower court holdings which based the allocation decision on the voluntary/involuntary nature of payment.[10] In essence, these courts held that where payments were voluntary, the taxpayer had the right to direct the application of those payments, whereas where payments were involuntary, the IRS could allocate the payment as its saw fit.[11] The *Energy Resources* decision

---

**8.** The Bankruptcy Court "may order the IRS to apply tax payments to offset trust fund obligations where it concludes that this action is necessary for a reorganization's success." 495 U.S. at 551, 110 S.Ct. at 2143.

**9.** "These statutory directives [11 U.S.C. § 1123(b)(5) and § 1129] are consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships." *Id.*

**10.** The definition of an involuntary payment is found in *Amos v. Commissioner,* 47 T.C. 65 (1966), where the court held that an involuntary payment of federal taxes is "any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in

which the government is seeking to collect delinquent taxes or filed a claim therefore."

Ignoring this distinction, the *Energy Resources* court found "for whether or not the payments at issue are rightly considered involuntary, the bankruptcy court has the authority to order the IRS to apply the payments to trust fund liabilities if the bankruptcy court determines that this designation is necessary to the success of the plan." *Id.* at 548–49, 110 S.Ct. at 2141–42.

**11.** *See Muntwyler v. United States,* 703 F.2d 1030 (7th Cir.1983); *In re Arie Enterprises, Inc.,* 116 B.R. 641 (Bankr.S.D.Ill.1990); *In re Shreve Steel Erection, Inc.,* 92 B.R. 214 (Bankr.W.D.Mich.1988); *In re R.L. Inge Development Corp.,* 78 B.R. 793 (Bankr.E.D.Va.1987); *In re Technical Knockout Graphics, Inc.,* 833 F.2d 797 (9th Cir.

was applied to a Chapter 7 case in an unpublished decision in this District, *In re Sorensen,* Civ. No. 91–3711, 1991 WL 208809 (D.N.J. Oct. 10, 1991). There, the court, relying on the second rationale in *Energy Resources,* affirmed the Bankruptcy Court's designation of the payment to the IRS. "Under the equitable powers developed in case law and found in 11 U.S.C. § 105, the Court below *had the authority* to designate whether tax payments are to be applied to trust fund or nontrust tax liabilities." (emphasis added). Judge Thompson stated that the court in *Energy Resources* relied on 11 U.S.C. § 105, which allows the court to issue any order necessary to carry out the provisions of the Bankruptcy Code. She declined to follow the IRS argument that *Energy Resources* is specifically limited to reorganization proceedings, relying instead on language stating that the Code does not limit the court's ability to designate payments. *Sorensen,* at 6.

■ Both the *Sorensen* decision (by inference) and the *Energy Resources* decision (expressly) grant this Court the authority to determine how the payments should be allocated in order to effect the provisions of the Code without contravening other law. Inasmuch as the Debtor is not undergoing a rehabilitation and 26 U.S.C. § 7501 was enacted specifically to hold O'Connor and Deborah liable for payments such as these, this Court will not allow the Objectors to dictate the allocation of the payment to the IRS. Accordingly, the IRS may, in its discretion, satisfy the non-trust fund portions of the tax obligation owed by the debtor prior to the trust fund portion.

The IRS shall submit an order consistent with this opinion within ten (10) days.

1987); *In re Lifescape, Inc.,* 54 B.R. 526 (Bankr. D.Colo.1985); *Matter of Office Dynamics, Inc.,* 39 B.R. 760 (Bankr.N.D.Ga.1984); *In re Obie Elie Wrecking Co., Inc.,* 35 B.R. 114 (Bankr.N.D. Ohio 1983). *But see In re DuCharmes & Co.,* 852 F.2d 194 (6th Cir.1988); *Matter of Ribs–R–Us, Inc.,* 828 F.2d 199 (3d Cir.1987).