In re DELAWARE HOSIERY MILLS, Inc.

Appeal of NORTHWESTERN NAT. BANK
IN PHILADELPHIA.

No. 10859.

United States Court of Appeals
Third Circuit.

Argued Jan. 9, 1953.

Decided April 1, 1953.
Rehearing Denied May 5, 1953.

William Jay Leon, Philadelphia, Pa., for appellant.

Hyman Zuckerman, Philadelphia, Pa., (Benjamin A. Katz and Barnie F. Winkelman, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

On April 1, 1949, Delaware Hosiery Mills, Inc., a Delaware corporation ("debtor") engaged in the sale of hosiery and underwear by mail order in Philadelphia, Pennsylvania, filed a voluntary petition for an arrangement under Chapter XI of the Bankruptcy Act [1] in the United States District Court for the Eastern District of Pennsylvania.

1. 11 U.S.C.A. § 701 et seq.

The cause was referred to a bankruptcy referee. Receivers were appointed and leave given to them to continue operation of the business. Upon petition the receivers obtained leave by Order of the District Court to borrow $10,000.[2] Prior to the entry of the Order and on the basis of the fact that it was then being applied for, Joseph B. Fitzpatrick, one of the receivers, had loaned the latter $5,000.

Following entry of the Order the Northwestern National Bank in Philadelphia ("Bank") discounted the receivers' note for $5,000. The obligation on the note was subsequently reduced by the receivers to $4,500. The business was operated for several months at a substantial loss and when it became apparent that an arrangement could not be consummated the debtor was adjudicated a bankrupt, and its assets liquidated. The Bank filed a Proof of Claim averring priority in the amount of $4,500.

The funds realized from the liquidation were insufficient to repay the receivers' loans, their debts for merchandise supplied them and costs of administration.

The Referee in the Order of Final Distribution placed the $4,500 indebtedness to the Bank, the balance of the indebtedness to Fitzpatrick (reduced to $2,500) and an overdraft of $66.57 in the receivers' checking account with the Bank in the same class with receivers' debts for merchandise and services rendered to them and the allowances for compensation and court costs, and directed pro rata distribution.[3]

The District Court dismissed the Bank's Application for Review and affirmed the Order of the Referee.

In its appeal from the District Court's action, the Bank urges that it is entitled to priority over all other costs of administration. It premises its claim to priority on the fact that it made the loan to the receivers in reliance on the District Court's Order granting leave to the receivers to borrow, and that as a consequence it enjoys priority under the provisions of Section 344 of the Bankruptcy Act,[4] and that Section 64(a) of the Bankruptcy Act[5] relied on by the Referee is inapplicable.

 The loans in question were apparently not made on receivers' certificates

2. The Order of the District Court provided, in part:
"And it is further ordered: that the earnings, income, profits, property and estate of the said Delaware Hosiery Co., Inc. in the custody of the receivers, as well as their successor of successors in office, or to hereafter come into the possession of a trustee when appointed in the said matter are expressly charged with a lien of indebtedness upon the said property and estate for such sums of money as may have been borrowed by the receivers for the operation and continuance of the debtor's business, and the payment of such indebtedness shall be solely confined to and only made out of and from the property and assets of said Company, in the custody of the receivers, and that such loan or borrowed moneys are expressly charged with the lien upon the property and estate of the said receivers, and therefore, precedence and priority over all other liens, claims, and demands against the aforesaid property and estate of Delaware Hosiery Co., Inc."

3. The dividend is 42.119%.

4. 11 U.S.C.A. § 744. It provides as follows:
"During the pendency of a proceeding for an arrangement, or after the confirmation of the arrangement where the court has retained jurisdiction, the court may upon cause shown authorize the receiver or trustee, or the debtor in possession, to issue certificates of indebtedness for cash, property, or other consideration approved by the court, upon such terms and conditions and with such security and priority in payment over existing obligations as in the particular case may be equitable."

5. 11 U.S.C.A. § 104, sub. a. It provides as follows:
"The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition; the fees for the referees' salary fund and for the referees' expense fund; the filing fees paid by creditors in involuntary cases * * * where property of the bankrupt, transferred or concealed by him either

as provided in Section 344 of the Bankruptcy Act, but under the authority of the general powers of the Court (See 8 Collier, 14th Ed. page 842). However, we do not consider this material inasmuch as in either method, the terms and conditions of the loan would be spelled out. The credit extended to the receivers or trustees is regarded as an expense of administration (Collier ibid.). Of course, it may be possible for the receivers' certificate or the authorization of the Court to provide terms for priority or subordination of the loan— generally provision is made either for parity with other expenses of administration or subordination to same.[6]

▉ There was no express provision in the authorization given by the District Court in the instant case as to the order of priority of the borrowed money with respect to the other costs of administration and we will not construe the language of the decree as giving the creditor any such priority. The tendency has always been in equity to protect the compensation of receivers and their counsel even to the extent

before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the cost and expense of one or more creditors, the reasonable costs and expenses of such recovery; the costs and expenses of administration, including the trustee's expenses in opposing the bankrupt's discharge * * * the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases and to the bankrupt in voluntary and involuntary cases, as the court may allow".

of giving them priority over receivers' certificates, In re Columbia Ribbon Co., 3 Cir., 1941, 117 F.2d 999, 1002, and Ball v. Improved Property Holding Co., 2 Cir., 1917, 247 F. 645, 651.

▉ Paragraph 378 of the Bankruptcy Act[7] provides that upon the entry of an order directing bankruptcy following a petition for an arrangement, the proceedings shall be conducted as far as possible and in the same manner and with like effect as if a voluntary petition for adjudication had been filed and adjudication had thereunder. It therefore follows that the general provisions of the Bankruptcy Act would be applicable and in particular Section 64, sub. a, would govern the distribution.

It is well settled that there can be no priorities within the priority classes enumerated by Section 64, sub. a, of the Bankruptcy Act. (See the comprehensive opinion of Judge Maris In re Columbia Ribbon Co., supra.)

For the reasons stated the Order of the District Court will be affirmed.

6. Research has not disclosed any case where there was a provision that the certificate or loan had priority over expenses of administration.

7. 11 U.S.C.A. § 778, sub. 2. The section provides:
"(2) in the case of a petition filed under section 722 of this title, the proceeding shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter was filed; * * *."