**In re CHIPS 'N TWIGS, INC., Debtor.**

**Bankruptcy No. 84–00379G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 28, 1986.

Allen B. Dubroff, Pincus, Verlin, Hahn, Reich & Goldstein, and Joseph Weiss Associates, Philadelphia, Pa., for debtor, Chips 'N Twigs, Inc.

Marjorie O. Rendell, Duane, Morris & Heckscher, Philadelphia, Pa., for objector, Frederick Wholesale Corp.

Kevin T. Fogerty, Traub & Butz, P.C., Allentown, Pa., for GST Corp.

Sidney S. Goldstein, Kreindler & Relkin, P.C., New York City, for Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

One of the most vexing issues confronting the court in the distribution of administrative expenses in Chapter 11 cases is that of priority. In the instant case, for instance, the query presented is whether counsel to a creditors' committee may be paid in full the interim compensation awarded him when there are insufficient assets to pay in full all other administrative claimants. On the basis of the reasons set forth below, we conclude that interim fees cannot be paid.

The facts of this controversy are as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). We appointed a committee of unsecured creditors and authorized the committee's employment of counsel. After several months passed, a creditor, GST Corporation ("GST"), filed an application for the payment of administrative expenses on the basis that it supplied goods in the ordinary course of business to the debtor after the filing of the petition. Counsel to the creditors' committee also filed an application for interim counsel fees. Another creditor, Frederick Wholesale Corp. ("Frederick"), filed an objection to the payment of any administrative expenses on the basis that there were insufficient assets in the estate to pay all administrative expenses, and thus, payment of the requested expenses would be in derogation of the Code since some administrative claimants would be paid in full, others might be paid in part, while others might never be paid. Frederick and the creditors' committee acquiesce in the belief that the estate's assets are insufficient to pay all administrative expenses in full.

11 U.S.C. § 503(b) provides, in part, that the court shall allow administrative expenses, on request of an applicant, for "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." Section 503(b) also provides, inter alia, for six different types of administrative expenses. Within § 503(b), each of these categories shares pro rata in the ultimate distribution of the estate if there are insufficient assets to satisfy all administrative claims. See, e.g., In Re Delaware Hosiery Mills, 202 F.2d 951, 953 (3d Cir.1953).

With the passage of the Bankruptcy Act of 1978, of which the Code is the major part, Congress incorporated authority for the allowance of interim compensation:

§ 331. Interim compensation.

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Compensation allowable under § 331 is necessarily an administrative expense under 11 U.S.C. § 503(b).

■ However, the authority for the actual *payment* of administrative expenses—as

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

opposed to their mere *allowance*—is within the sound discretion of the court, subject to the principles discussed below. *In Re Kors*, 13 B.R. 683 (Bankr.D.Vt.1981); *In Re Robinson Truck Line, Inc.*, 47 B.R. 631, 638 (Bankr.N.D.Miss.1985).

As to the application of the creditors' committee, the committee contends that the principle of parity in the payment of administrative expenses under § 503(b) is subordinate to the payment of fees under § 331. This position implicitly embraces the belief that § 331 and 503(b) are in conflict. We do not share this view, and we conclude that the two sections can be harmonized. Quite simply, interim fees can be paid only when it is reasonably clear that the assets of the estate will be sufficient to pay all administrative expenses. The majority of the cases addressing this issue have thusly concluded. *In Re Colter, Inc.*, 53 B.R. 958, 961 (Bankr.D.Colo.1985); *In Re American Resources Management Corp.*, 51 B.R. 713 (Bankr.D.Utah 1985); *American International Airways, Inc.*, 47 B.R. 716, (Bankr.E.D.Pa.1985); *In Re IML Freight, Inc.*, 52 B.R. 124 (Bankr.D.Utah 1985). The case law also supports the correlative principle that interim fees under § 331 cannot be paid from assets that would otherwise be payable to a creditor holding a superiority. *In Re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 609 (Bankr. N.D.Ohio 1985); *In Re Roblin Ind., Inc.*, 52 B.R. 241 (Bankr.W.D.N.Y.1985); *In Re Becker*, 51 B.R. 975 (Bankr.D.Minn.1985). The third pertinent point is that interim compensation cannot be paid from property of the estate to the extent that that property is encumbered by a creditor's security interest. *General Electric Credit Corp. v. Levin & Weintraub (In Re Flagstaff Foodservice Corp.)*, 739 F.2d 73 (2d Cir.1984); *General Electric Credit Corp. v. Peltz (In Re Flagstaff Foodservice Corp.)*, 762 F.2d 10 (2d Cir.1985); *In Re Winslow Center Assoc.*, 57 B.R. 317 (Bankr.E.D.Pa.1986); *In Re Fazio*, 57 B.R. 316 (Bankr.E.D.Pa.1986).

The position of the creditors' committee, which we explicitly reject, is unequivocally supported by one case which originated in the bankruptcy court in Utah.[2] *In Re Callister*, 15 B.R. 521 (Bankr.D.Utah 1981), *appeal dismissed as interlocutory*, 673 F.2d 305 (10th Cir.1982), *appeal later affirmed sub nom, Ingersol-Rand Financial Corp. v. Callister (In Re Callister)*, 13 Bankr.Ct.Dec. 21 (CRR Pub. Co.) (10th Cir. Apr. 16, 1984). The bankruptcy court decision, authored by former Bankruptcy Judge Ralph R. Mabey, offered scant rationale. *See*, 15 B.R. at 534–35. His basis for decision was not statutory construction but pure policy—and we must add that in our view it is policy in derogation of the language of the Code. He reasoned that if interim compensation under § 331 did not preempt other administrative expenses under § 503(b), competent counsel could not easily be attracted to orchestrate bankruptcy proceedings and thus the administration of those proceedings would be threatened. *Id.* *Callister* was perfunctorily affirmed by the United States Court of Appeals for the Tenth Circuit in a two paragraph decision which merely adopted the reasoning expressed in Judge Mabey's opinion.

Judge Mabey's concern that competent counsel could not be attracted unless § 331 preempted § 503(b), was addressed by the United States Court of Appeals in *Flagstaff*:

Attorneys may, as Levin & Weintraub did here, secure a portion of their fee in advance. If attorneys need more encour-

---

**2.** In addition to *Callister* the creditors' committee also cites *Citibank, N.A. v. Official Creditors' Committee of Wilson Freight* (In Re Wilson Freight Co.), 21 B.R. 398 (S.D.N.Y.1982). We are unpersuaded by the latter case and believe that the rule of law pronounced in the case has been reversed by the United States Court of Appeals for the Second Circuit in *General Electric Credit Corp. v. Levin & Weintraub* (In Re Flagstaff Foodservice Corp.), 739 F.2d 73 (2d Cir.1984); *General Electric Credit Corp. v. Peltz* (In Re Flagstaff Foodservice Corp.), 762 F.2d 10 (2d Cir.1985).

agement than this to participate in chapter 11 proceedings, Congress, not the courts, must provide it. Under the law as it presently exists, knowledgeable bankruptcy attorneys must be aware that the priority ordinarily given to administrative expenses may prove illusory in light of the various provisions in the Code for competing or super-priorities. *Flagstaff,* 739 F.2d at 75 (cites and quotes omitted). We agree with the Second Circuit. We will accordingly enter an order denying the creditors' committee immediate payment on its fee application.

■ As to GST's application for the payment of administrative expenses, the authority cited above likewise applies. GST's support for immediate payment of its administrative expense notwithstanding the insufficiency of funds to pay all administrative expenses, is *In Re Western Farmers Assoc.,* 13 B.R. 132, 4 C.B.C.2d (MB) 1337 (Bankr.W.D.Wash.1981). The court thus held that where assets of the estate are insufficient to cover all costs of administration, one administrative claimant cannot be paid prior to another, except that payment can be made to cover expenses incurred in the ordinary course of the debtor's business. We disagree on two bases. Firstly, is that the rule in *Western Farmers* is contrary to the weight of authority discussed above and, secondly, if there are insufficient assets to cover all administration expenses in a chapter 11 case, typically expenses should not be incurred in the ordinary course of operating the business, but rather the case should be coverted to a liquidation proceeding under chapter 7.

Since it currently appears that there are insufficient assets in the estate to pay all administrative expenses in full, we will enter an order sustaining Frederick's objection to the payment in full of those expenses and deny both GST's application for the payment of expenses and the application of the creditors' committee for the disbursement of interim fees.