**In re ALLIED MECHANICAL SERVICES, INC., Debtor.**

**UNITED STATES of America, Plaintiff–Appellant,**

**v.**

**David W. CRANSHAW, Trustee, Defendant–Appellee.**

No. 88–8769.

United States Court of Appeals, Eleventh Circuit.

Oct. 10, 1989.

Gary R. Allen, Chief, William S. Rose, Jr., Wynette J. Hewett, Linda E. Mosakowski, Asst. Attys. Gen., Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Andrea M. Madigan, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for Allied Mechanical.

Before KRAVITCH, JOHNSON and ANDERSON, Circuit Judges.

KRAVITCH, Circuit Judge:

The government appeals from a decision of the bankruptcy court, affirmed by the district court, holding that interest accrued on tax liabilities incurred while the debtor was operating under Chapter 11 is not entitled to administrative expense priority when the case is converted to a Chapter 7 liquidation. We reverse.

### I.

Debtor Allied Mechanical Services, Inc., filed a voluntary petition for reorganization

under Chapter 11 of the Bankruptcy Code on September 13, 1982. After the filing of this petition, and while the debtor was continuing to operate under Chapter 11, the debtor incurred social security and federal income tax liabilities (the "post-petition tax liability").

On October 16, 1984 the reorganization case was converted to a liquidating bankruptcy under Chapter 7 of the Bankruptcy Code. The Internal Revenue Service filed an administrative claim for post-petition withholding taxes in excess of $190,000, together with penalties of approximately $55,700 and interest of $18,800. There are insufficient funds in the estate to pay all Chapter 11 administrative claims in full.

The trustee objected to the Internal Revenue Service's claim insofar as it included a claim for interest. The bankruptcy court sustained the trustee's objection, ruling that the Internal Revenue Service is not entitled to administrative expense priority on its claim for interest on post-petition tax liability. The government appealed to the district court, which affirmed the bankruptcy court's order.

The sole issue in this appeal is whether the government is entitled to administrative expense priority on its claim for interest on post-petition tax liability. This is a question of pure law, which we review *de novo*.

## II.

We begin, as always, with the Bankruptcy Code itself. Section 726, instructs that in a Chapter 7 liquidation the corpus of the estate is distributed according to the priorities of section 507.[1] Section 507 in turn directs that first priority is given to administrative expenses:

§ 507. **Priorities**

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under *section 503(b)* of this title,

---

**1.** Section 726 provides in relevant part:

§ 726. **Distribution of property of the estate**
(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

and any fees and charges assessed against the estate under chapter 123 of title 28.

. . .

11 U.S.C. § 507 (emphasis added).

Finally, section 503 in turn defines administrative expenses as "including" post-petition taxes (i.e., taxes incurred by the estate) and penalties associated with those taxes:

§ 503. **Allowance of administrative expenses**

(a) An entity may file a request for payment of an administrative expense.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, *including—*

(1)

(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

(B) *any tax—*

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title; or

(ii) attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable year to which such adjustment relates ended before or after the commencement of the case; and

(C) *any fine, penalty,* or reduction in credit *relating to a tax of a kind specified in subparagraph (B) of this paragraph;*

. . .

11 U.S.C. § 503 (emphasis added).

The statute does not explicitly mention the interest owed on post-petition tax liability. Because section 503(b) says that administrative expenses *"including"* taxes

(1) first, in payment of claims of the kind specified in, and in the order specified in, *section 507* of this title;
. . .
11 U.S.C. § 726 (emphasis added).

and penalties are allowable, the statute by its terms does not resolve the issue before us: "including" suggests that the list is not exhaustive; therefore, interest may (or may not) be an administrative expense. Where the statute is ambiguous on its face, we must turn to interpretive means.

As the bankruptcy court observed, the Senate version of what ultimately became section 503(b) specifically included the language "any taxes, including interest thereon." The House version, however, was silent.[2] Because Congress had the issue of post-petition tax liability before it, the bankruptcy court concluded that Congress, by omitting the language "interest thereon," meant that the interest should *not* be included as an administrative expense.

The question is undoubtedly a close one. Yet it is always difficult to try to interpret legislative silence, and we believe that in this case the bankruptcy court erred.

Under the prior law, interest on post-petition tax liability would be treated as a first priority administrative expense, although, like the current statute, the language of the prior statute was not explicit. *See Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). In essence, interest on the post-petition tax liability was treated as part of the underlying tax liability itself. Thus, Congress may have reasoned that it was unnecessary to specify that post-petition interest would receive administrative priority.

Absent some indication from Congress that it intended to change the priorities, we believe it proper to continue to construe the statute as giving priority to the Internal Revenue Service's claim for interest on post-petition tax liability. It would be inconsistent to give priority to a penalty associated with a tax liability but not give priority to the interest on that same tax liability.

Our holding is consistent with the important policies behind Chapter 11 and Chapter 7. As one court has recently noted:

A decision allowing appellants' claims for interest as administrative expenses is also consistent with the policies underlying the Bankruptcy Code's treatment of administrative expenses as debts entitled to first priority which must be paid in full before a Plan for Reorganization may be confirmed. Although the fundamental goal of Chapter 11 is the ultimate rehabilitation of a debtor, the treatment of administrative expenses as debts entitled to first priority status suggests an overriding policy that a debtor's efforts to reorganize shall be financed by the debtor, not the debtor's post-petition creditors.... "to hold otherwise would be, in effect, to grant the debtors an interest free loan at the expense of the government." If the debtors choose to finance their reorganization effort with funds that would otherwise be used to pay taxes, then interest on the taxes may fairly be considered as an actual and necessary cost of preserving the estate allowable as an administrative expense under section 503(b)(1)(A).

*In re Gould & Eberhardt Gear Machinery Corp.*, 80 B.R. 614, 617 (D.Mass.1987) (citations omitted). Moreover, our rule ensuring that the Internal Revenue Service will receive administrative priority for interest on any post-petition tax liability may encourage a debtor's efforts to reorganize.

We note that the only other circuit to have decided this issue has reached the same result. *See United States v. Friendship College, Inc.*, 737 F.2d 430 (4th Cir. 1984).

We conclude that the interest on post-petition tax liability is entitled to administrative priority under section 503(b). Accordingly, we REVERSE.

---

**2.** For a discussion of the legislative history of § 503(b), see *In re Stack Steel Supply Co.*, 28 B.R. 151, 156 (Bankr.W.D.Wash.1983).