In re WASHINGTON
BANCORPORATION,
Debtor.

Bankruptcy No. 90–00597.

United States Bankruptcy Court,
D. District of Columbia.

April 19, 1991.

Brian Leitch, Marcia B. Kuntz, Washington, D.C., for debtor.

Anne M. Magruder, Susan L. Schor, McLean, Va., for movant.

## DECISION REGARDING LANDLORD'S LATE CHARGES AND TIMING OF PAYMENT

S. MARTIN TEEL, Jr., Bankruptcy Judge.

In a prior decision, the court held that the amount owed Annandale Office Center Limited Partnership for administrative rent is fixed by the terms of the lease. 125 B.R. 328. The court now has under consideration the troublesome question whether a late charge of 1% per day, capping at 30%, ought to be allowed the landlord on its administrative claim.[1] I conclude the charge must be allowed.

First, 11 U.S.C. § 365(d)(3) places no limit on charges for administrative rent, in contrast to 11 U.S.C. § 506(b) which places a limitation of reasonableness upon the allowability of add-on charges in the case of an allowed over-secured claim. To the extent *In re Joshua Slocum, Ltd.*, 103 B.R. 601, 609 (Bankr.E.D.Pa.1989), the sole case cited by the debtor-in-possession, suggests that the Bankruptcy Code imposes a limitation of reasonableness on administrative rent, it is unpersuasive as it draws on decisions dealing with § 506(b) or on decisions fixing a reasonable charge for use and occupation under cases governed by § 365 prior to its 1984 amendments. Second, this is a lease of Virginia realty and the debtor-in-possession has failed to point to any provision of Virginia law placing a restriction on contracting parties' agreeing to this type of a charge. There are no circum-

---

1. The court has received a letter from debtor's counsel addressing the question and a letter from the landlord's counsel in response. The court admonishes counsel that letters are not the appropriate means of addressing issues in a case.

stances which implicitly excuse timely performance: the debtor-in-possession appears to have had sufficient funds on hand to make the payment.

■ The landlord seeks immediate payment of rent. Concededly, § 365(d)(3) requires timely performance of lease obligations prior to the lease's assumption or rejection. But once a lease is rejected, § 365(d)(3) does not confer a superpriority status upon the landlord's administrative claim. *In re Orvco, Inc.*, 95 B.R. 724, 728 (9th Cir. BAP 1989); *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 973 (Bankr.E.D.Pa.1987). Nevertheless, the rent "should be paid immediately unless the trustee establishes good cause for withholding the payment." *Dieckhaus*, 73 B.R. at 973.

■ Absent such a showing, immediate payment is required subject to disgorgement if there are insufficient funds to pay all administrative claims. *Id.* The debtor-in-possession, which has over $900,000 on hand, has failed to show good cause for a delay of payment and hence I will order immediate payment.

The landlord tendered a proposed order providing for interest if there is a delay in payment beyond 30 days. But this will likely be an academic point as the debtor-in-possession has adequate funds on hand to make payment. In any event, the landlord has not cited to a provision of the lease or of Virginia law for the payment of interest, *compare In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr.S.D.N.Y. 1986), and I am not inclined to research the issue myself. I will accordingly deny interest without prejudice to the landlord's renewing its request if payment is delayed.

The parties have not yet resolved the question of rent based on CPI increases and operating expenses. The court will accordingly hold a further hearing to resolve that question.